ORENE POND v. THE STATE.

No. 13214.   Delivered October 29, 1930.
Reported in 32 S. W. (2d) 356.

The opinion states the case.

*Perkins & Perkins* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for two years.

The indictment charged that appellant "did then and there unlawfully possess liquor for the purpose of sale." There is no such offense as "possessing liquor." Allen v. State, 18 S. W. (2d) 676. Possession of intoxicating liquor for the purpose of sale is de-

nounced. Art. 666, P. C. Possibly the word "intoxicating" was inadvertently omitted by the clerk in copying the indictment into the transcript; but, the record before us brings forward a fatally defective indictment.

It is observed that the court's charge advised the jury that appellant was charged by indictment with the offense of unlawfully possessing intoxicating liquor for the purpose of sale. The verdict of the jury found appellant guilty of "unlawfully selling intoxicating liquor as charged in the indictment." The judgment of the court recites that appellant is adjudged to be guilty of unlawfully selling intoxicating liquor, but the sentence condemns appellant to confinement for possessing intoxicating liquor for the purpose of sale. The verdict of the jury was clearly not responsive to the charge contained in the indictment and the issues submitted in the charge of the court. Persons v. State, 3 Tex. Ct. App. Rep. 240.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.