MRS. TOMMY WRIGHT V. STATE.

Nos. 31,017 and 31,018. January 6, 1960.

R. E. Murphey, Coleman, for appellant on appeal.

Leon Douglas, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant's motion for rehearing is granted, the former opinion is withdrawn, and the case is now disposed of under the following opinion:

Appellant stood charged in the county court of Coleman County in two separate cases charging violations of the liquor laws.

Case #1 was numbered on the docket of that court as #12,703, in which appellant was charged with selling beer to W. E. Russell in the "City of Coleman" on or about July 2, 1958.

The appeal from a conviction in that case appears as #31,017 upon the docket of this court.

Case #2 was numbered on the docket of the aforesaid county court as #12,714, in which appellant was charged with selling whisky to W. E. Russell in the "City of Coleman" on or about the 4th day of July, 1958. The appeal from a conviction in that case appears as #31,018 upon the docket of this court.

The complaint and the information in each case were made and filed on the 7th day of July, 1958.

The two cases came on trial and were tried together. The two appeals are here disposed of together.

Testimony was introduced in support of the allegations of each information.

In Cause #12,703 involving the charge of selling beer, the alleged purchaser Russell testified that on July 2, 1958, "about four p.m.," he purchased two quarts of beer from appellant at her home, for which beer he paid her $2.00.

Testifying as a witness, appellant denied the sale.

In Cause #12,714, Russell, the alleged purchaser, testified that about "eleven forty five" on the morning of July 4, 1958, he purchased a half-pint of whisky from the appellant at her home, for which whisky he paid $2.50.

Testifying as a witness, appellant denied the sale of the whisky.

The trial court submitted the two cases to the jury under a single instruction to fix her punishment "at a fine of not less than $100.00 nor more than $1,000.00 or by imprisonment in jail not to exceed one year or by both such fine and imprisonment in jail" if they found her guilty of selling the beer.

The jury was instructed to fix appellant's punishment at the same limitations in the event she was found guilty of selling the whisky.

A separate judgment was entered in each case, upon the verdict of the jury which the trial court received, approved, and incorporated in each judgment.

Such judgment, in each case, reads as follows:

" 'We, the Jury, find the Defendant:

" 'GUILTY of the offense of possessing liquor for the purpose of sale in a dry area as alleged in the information, and assess her punishment at $250 fine and 60 days in the County Jail.' "

Such verdict is fundamentally defective and will not support the judgment in these cases, because, by that verdict, the jury found appellant guilty, in each case, of an offense neither charged in the information nor submitted in the court's charge, viz., the "possession" of liquors for the purpose of sale in a dry area.

In Pond v. State, 116 Texas Cr. Rep. 196, 32 S.W. 2d 356, the exact question here presented was before this court. In that case the accusation against the accused was the unlawful sale of intoxicating liquor. Such was the sole proposition submitted to the jury. It was there pointed out that:

"The verdict of the jury, in so many words, finds appellant guilty of possessing liquor for the purpose of sale, as charged in the indictment, and fixes her punishment * * *

"It would be idle for us to cite authorities holding that the verdict, the judgment, and the sentence must follow the indictment. They wholly failing to do so, we have no option but to reverse and remand this cause, which is accordingly done * * *."

See, also, Pond v. State, 116 Texas Cr. Rep. 197, 32 S.W. 2d 356.

It is indeed rare when we find established precedents which cover exactly and directly the question before us for determination.

Each of the judgments against appellant, not being supported by a valid verdict, are reversed and the causes remanded.